JUSTICE TRIEWEILER
concurring and dissenting.
¶60 I concur with the majority’s resolutions of issues one, three and four.
¶61 I concur with the majority’s conclusion under issue two that James Dean Bingman’s conviction for driving under the influence of alcohol in 2001 was admissible to impeach his direct testimony, but that his 1999 conviction for the same offense was beyond the scope of his direct testimony, did not contradict anything that he said, and should not have been admitted as evidence.
¶62 I dissent from the majority’s conclusion that evidence of Bingman’s 1999 conviction was harmless error and I disagree with the majority’s harmless error analysis.
¶63 Because the admission of inadmissible evidence during trial is not structural and because the inadmissible evidence at issue in this case was not offered to prove an element of Bingman’s alleged crime, the following test is applicable from State v. Van Kirk, 2001 MT 184, 306 Mont. 215, 32 P.3d 735:
[I]n those cases where the tainted evidence does not go to the proof of an element of the crime charged, and there is no other admissible evidence tending to prove the particular fact at issue, *392 the admission of the tainted evidence will be deemed harmless only if the State demonstrates that no reasonable possibility exists that the admission of the tainted evidence might have contributed to the defendant’s conviction.
Van Kirk, ¶ 46.
Thus, restated, we hold that, in order to prove that trial error was harmless, the State must demonstrate that there is no reasonable possibility that the inadmissible evidence might have contributed to the conviction.... If the evidence in question did not prove an element of the crime, then the State must demonstrate that, qualitatively, there is no reasonable possibility that the tainted evidence might have contributed to the defendant’s conviction.
Van Kirk, ¶ 47.
¶64 Evidence of prior offenses or convictions is inadmissible for a reason. The evidence is prejudicial and highly likely to influence the jury’s verdict. That is why Rules 404(b) and 609 of the Montana Rules of Evidence prohibit evidence of prior bad acts and criminal convictions.
¶65 In this case, Bingman was charged with driving under the influence of alcohol, yet the State proved not just one prior criminal conviction for the same offense, but two. While the 2001 conviction was arguably admissible to impeach Bingman, the 1999 conviction was not admissible and the cumulative effect of proving that Bingman had twice before been convicted of the very offense with which he was charged would undoubtedly have influenced the jury’s perception of him and his denials in this case.
¶66 The majority concludes in ¶ 45 that the evidence of Bingman’s 1999 conviction was not offered to prove that he had previously driven under the influence of alcohol but that he lied under oath. While that may have been the prosecutor’s intention, that is not what the evidence established because at no time did Bingman testify that he didn’t drink and drive prior to 2000 when he met his girlfriend, Cassie.
¶67 The majority also concludes in ¶ 45 that Bingman’s inadmissible 1999 conviction proved the same thing as his 2001 conviction. Again, I disagree. His 2001 conviction proved that he testified incorrectly on direct examination. Evidence of his 1999 conviction did not. All the 1999 conviction proved was that he had been previously convicted of driving under the influence of alcohol in 1999.
¶68 In ¶ 46, the majority Opinion states that:
However, there is no reasonable possibility that the jury would have acquitted Bingman had he lied only once under oath, instead of twice. As such, we hold that in comparison to the admissible *393 evidence concerning the 2001 conviction, there is no reasonable possibility that evidence of the 1999 conviction contributed to Bingman’s conviction in the instant case.
¶69 I’m not sure what the quoted part of the majority Opinion means. However, if it is the premise for its conclusion, then its conclusion is invalid. The majority Opinion seems to suggest that the 2001 conviction was offered to prove that Bingman lied once under oath, the 1999 conviction was offered to prove that he lied a second time under oath, and that proving that he lied twice is no more prejudicial than the proof that he lied once. However, the 1999 conviction wasn’t offered to prove that Bingman lied twice. The State sought to prove that Bingman lied once, when he testified that since his arrangement with Cassie he doesn’t drink and drive. However, it did so with two prior examples of drinking and driving-one which contradicted his testimony and one which did not. The one which did not simply proved his character. That is inadmissible and prejudicial. Furthermore, this part of the majority’s analysis more properly relates to inadmissible evidence which proves an element of the crime charged. There the question becomes whether the evidence duplicates some other evidence of the same fact. Here the prior conviction for DUI did not prove an element of the crime and the only question is whether there was a reasonable possibility that it contributed to the conviction. I conclude that there is and would, therefore, reverse the judgment of the District Court.
¶70 For these reasons, I both concur with and dissent from the majority Opinion.